JUSTICE WEBER
dissents as follows:
I understand the desire of the majority to terminate extended litigation of the type involved in this case. However, I suggest that improper factual findings and conclusions have been made in the majority opinion.
As pointed out in the majority opinion, Galayda served a Notice of Abandonment dated August 17, 1988, on Johnston. That notice gave her 15 days to remove the mobile home. After Johnston failed to remove the mobile home within that 15 day period, Galayda had the mobile home moved by Franchuks. Under the express provisions of § 70-24-430(1), MCA, such facts establish a statutory right on the part of Galayda to remove the mobile home. Under the uncontradicted facts, we must therefore conclude that the moving of the mobile home from the Galayda trailer court was authorized by statute. Such an authorized removal does not constitute an unauthorized act depriving Johnston of her property and therefore could not constitute a conversion.
The majority points out that under § 70-24-430, MCA, Galayda was required to inventory and store the personal property in a safe place and reasonably attempt to notify the tenant that the property must be removed. While this was not an issue addressed in the record, even if we assume a failure to notify Johnston, the statutes do not warrant a conclusion that such failure to give notice constitutes a conversion.
The findings of fact and judgment on the part of the District Court demonstrate that there are material facts in dispute. The District Court concluded that as a result of the justice court action, Galayda had demonstrated a right to the lawful possession of the property. In addition, the District Court found the uncontradicted facts to show that it was the Franchuks who took possession and not Galayda. Clearly there exist issues of material fact which prohibit the type of summary judgment reached in the majority opinion.